# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

**TERESA K. LEWIS-KERSEY,**

    Plaintiff,

v.                                    Civil Action No. 5:08-CV-14 (HL)

**MICHAEL J. ASTRUE**,
Social Security Commissioner,

    Defendant.
_____

# ORDER

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff Teresa K. Lewis-Kersey's claim for benefits under the Social Security Act, 42 U.S.C. § 423.  On September 6, 2005, Plaintiff applied for a period of disability and disability insurance benefits (DIB) alleging that she became unable to work on August 22, 2000.  The application was denied initially and upon reconsideration.  Plaintiff requested a hearing before an administrative law judge ("ALJ") which was held on March 14, 2007.  In a decision dated June 29, 2007, the ALJ found that Plaintiff was not disabled.  The Appeals Council denied Plaintiff's subsequent request for review, making the hearing decision the final decision of the Commissioner.  Thereafter, on January 18, 2008, Plaintiff filed the instant Complaint.  Tab #1.

**LEGAL STANDARDS**

The Court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. Walker v. Bowen, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The Court may not decide facts, re-weigh evidence, or substitute its judgment for that of the Commissioner.[1] Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Court must, however, decide if the Commissioner applied the proper standards in reaching a decision. Harrell v. Harris, 610 F.2d 355, 359 (5th Cir. 1980).  The Court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. Bloodsworth, 703 F.2d at 1239.  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. Id.

The initial burden of establishing disability is on the claimant. Kirkland v. Weinberger, 480 F.2d 46 (5th Cir. 1973).  However, the claimant's burden is a heavy

---

[1] Credibility determinations are left to the Commissioner and not to the courts. Carnes v. Sullivan, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also* Graham v. Bowen, 790 F.2d 1572, 1575 (11th Cir. 1986).

one and is so stringent that it has been described as bordering on the unrealistic. Oldham v. Schweiker, 660 F.2d 1078 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1, *et seq*.

Under the regulations, the Commissioner determines if a claimant is disabled using a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. Bowen v. Heckler, 748 F.2d 629, 635 (11th

Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. Id.

### PLAINTIFF'S CLAIMS OF DISABILITY

Plaintiff alleges that she became disabled as a result of injuries sustained in a slip and fall accident which occurred while she was at work. In addition, she also claims that she suffers from depression, decreased memory and concentration, and a gradual decline in visual acuity. She has been diagnosed with degenerative disc disease and, insofar as treatment is concerned, has been treated with prescription medication and has undergone one successful back surgery. She has not sought treatment for her alleged mental limitation, and she wears glasses to compensate for her loss in visual acuity.

### DISCUSSION

### CLAIM THAT THE ALJ's DETERMINATION THAT THE PLAINTIFF DID NOT MEET OR EQUAL ANY LISTING WAS LEGALLY INSUFFICIENT

The first argument on appeal concerns the ALJ's findings at step three of the five-step sequential evaluation process mentioned above. Plaintiff asserts that the ALJ's findings at this step were factually and legally erroneous. Plaintiff is mistaken.

At step three of the evaluation process, an ALJ must determine whether or not the claimant's impairment or combination of impairments meet or medically equal the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1. "In order to *meet* a listing, the claimant must (1) have a diagnosed condition that is included in

the listings and (2) provide objective medical reports documenting that his or her condition meets the specific criteria of the applicable listing and the duration requirement." *See* 20 C.F.R. § 404.1525(c)-(d); Wilkinson o/b/o Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987) (emphasis in original). "In order to equal a listing, the medical findings must be at least equal in severity and duration to the listed findings." 20 C.F.R. § 404.1525(c)-(d), 416.925(c)-(d); Wilkinson, 847 F.2d at 662 (emphasis in the original). It must be emphasized that determinations of disability made at this stage are based upon medical findings and do not, therefore, take into consideration vocational history or other evidence.

Upon review of the ALJ's decision and the relevant medical evidence of record, the Court has been unable to locate either a factual or legal error on the part of the ALJ. While Plaintiff argues that the ALJ's discussion at step three was insufficient because it failed to include a detailed discussion of the seven odd years of available medical records, no such exhaustive discussion appears to have been necessary. Before reaching step three of the evaluation, the ALJ determined that Plaintiff's diagnosis of degenerative disc disease constituted a severe impairment. The ALJ also identified and acknowledged Plaintiff's complaints of depression and decreased visual acuity. Thereafter, when the ALJ proceeded to step three of the sequential evaluation, he identified the only listing which could potentially be met or medically equaled given Plaintiff's medically substantiated impairments; Listing 1.04 - *Disorders of the Spine.*

Having specified the relevant listing, the ALJ set out the requirements thereof. These requirements include, *inter alia*, evidence of nerve root compromise, nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis. The ALJ next observed that since the medical evidence of record indicated that Plaintiff had full strength and normal gait, meeting or medically equaling the requirements of the listing was precluded. In view of the above, the Court finds the analysis to be both legally and factually sufficient. Accordingly, the Court finds Plaintiff's argument to the contrary to be without merit.

### CLAIM THAT THE ALJ's DETERMINATION THAT PLAINTIFF COULD SUCCESSFULLY PERFORM FULL TIME, SUSTAINED WORK IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff's second and final argument is compound. That is, Plaintiff argues that the ALJ's determination of her ability to perform full-time sustained work is erroneous because it is premised upon a legally insufficient evaluation of her credibility. Given the structure of this argument, the Court's review is essentially an examination of the ALJ's credibility determination.

Because this examination involves a determination of legal sufficiency, identification of the relevant legal requirements is in order. As the present issue involves the credibility of Plaintiff's allegations of pain and other symptoms, the pertinent requirements are those contained in Social Security Ruling 96-7p. SSR 96-7p provides as follows:

1. No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms.

2. When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.

3. Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.

4. In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record.  An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

> 5. It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

SSR 96-7p

As an initial matter, the Court notes that it is uncontested that the ALJ explicitly acknowledged Plaintiff's allegations of pain and other symptoms as well as his obligation to comply with the provisions of SSR 96-7p. Consequently, the remaining question is whether or not the ALJ actually complied with SSR 96-7p. Plaintiff's position is that the ALJ did not.

In support of this conclusion, Plaintiff points to the absence of a *detailed* discussion of the voluminous medical evidence of record in the section of the ALJ's written decision addressing the credibility of her allegations of pain and other symptoms. This omission, according to Plaintiff, evinces the ALJ's failure to properly consider this evidence.

The Court disagrees; upon review of Plaintiff's arguments, the Commissioner's responses thereto, and the record as a whole, the Court finds no merit in Plaintiff's argument. While the ALJ's explanation was clearly not as *exhaustive* as Plaintiff would

have liked, it was nevertheless legally sufficient. For this reason, Plaintiff's second argument, in its entirety, must fail.

In light of the foregoing, the decision of the Commissioner is **AFFIRMED**.

**SO ORDERED** this 30th day of September, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh